```
Gregg N. Dulik (CA Bar No. 124221)
THELEN REID BROWN RAYSMAN & STEINER LLP
101 Second Street, Suite 1800
San Francisco, CA  94105
Tel. 415.371.1200
Fax 415.371.1211

Attorneys for Defendants
CLARK REALTY BUILDERS, INC. and
CLARK REALTY BUILDERS, LP
```

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PACIFIC BELL TELEPHONE COMPANY,<br><br>                         Plaintiff,<br><br>         vs.<br><br>UNITED STATES OF AMERICA, CLARK REALTY BUILDERS, INC., a corporation, CLARK REALTY BUILDERS, LP, and DOES 1 through 10,<br><br>                         Defendants. | Case No.: CV 08 1107 EDL<br><br>**ANSWER OF DEFENDANTS CLARK REALTY BUILDERS, INC. AND CLARK REALTY BUILDERS, LP TO COMPLAINT FOR PROPERTY DAMAGE**<br><br>**DEMAND FOR JURY TRIAL** |

### **ANSWER**

Defendant CLARK REALTY BUILDERS, INC. ("CRBI") and defendant CLARK REALTY BUILDERS, LP ("CRBLP") (hereinafter collectively "CLARK"), hereby provide this Answer to plaintiff PACIFIC BELL TELEPHONE COMPANY's ("PAC BELL's") Complaint for Property Damage (the "Complaint"):

1. In answer to Paragraph 1 of the Complaint, CLARK denies the allegations contained therein as it has no knowledge regarding the corporate status or authority of PAC BELL.

///

///

2. In answer to Paragraph 2 of the Complaint, CLARK denies that CRBI is a Maryland corporation and admits that CRBI is a California corporation, which is duly licensed to conduct business as a contractor in the State of California.

3. In answer to Paragraph 3 of the Complaint, CLARK admits that CRBLP is a Maryland limited partnership, which is duly licensed to conduct business as a contractor in the State of California.

4. In answer to Paragraph 4 of the Complaint, CLARK admits that the UNITED STATES OF AMERICA ("USA") is named a defendant in this lawsuit. Except as admitted herein, CLARK lacks the knowledge or information to form a belief as to the truth of all of the other allegations in this paragraph, and on that basis denies each and every such allegation.

5. In answer to Paragraph 5 of the Complaint, CLARK admits the allegations in this paragraph.

6. In answer to Paragraph 6 of the Complaint, CLARK neither admits nor denies the procedural allegations in this paragraph.

7. In answer to Paragraph 7 of the Complaint, CLARK neither admits nor denies the procedural allegations in this paragraph.

8. In answer to Paragraph 8 of the Complaint, CLARK lacks the knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every such allegation.

9. In answer to Paragraph 9 of the Complaint, CLARK admits that on or about April 18, 2005 there was an underground communication duct marked at a location approximately 400 yards south of the main gate at Moffett Field in Santa Clara County, California. However, this marked location was not within the footprint of CLARK's project. Except as admitted herein, CLARK lacks the knowledge or information to form a belief as to the truth of the other allegations contained in this paragraph, and on that basis denies each and every other such allegation.

10. In answer to Paragraph 10 of the Complaint, CLARK admits that on or about April 18, 2005, it uncovered an unmarked communication duct within the footprint of its project while performing excavation work to install a gas line for USA. Prior to April 18, 2005, neither

1  USA nor PAC BELL had marked or otherwise informed CLARK of the existence and location of
2  this underground communications duct.  After CLARK uncovered this underground
3  communications duct, USA told CLARK that there were no working utilities at the location of the
4  excavation.  Based on the information provided by USA, and in order to facilitate the installation
5  of the gas line that was part of its project, CLARK proceeded to cut and remove a portion of the
6  unmarked communication duct that was within the footprint of its project.  Except as admitted
7  herein, CLARK denies each and every other allegation in this paragraph, including that it has
8  caused damage to PAC BELL in the amount of $72,894.45, or any other amount.

9        11.    In answer to Paragraph 11 of the Complaint, CLARK admits that on or about
10 March 17, 2007 there was an unmarked underground communications duct at a location on
11 Wescott Road near Building 48 at Moffett Field in Santa Clara County, California.  As of that
12 time, CLARK was unaware of the existence of this underground communication duct in this
13 location as neither PAC BELL nor USA had marked its location or otherwise informed CLARK of
14 its existence and location.  Except as admitted herein, CLARK lacks the knowledge or information
15 to respond to the truth of the other allegations contained in this paragraph, and on that basis denies
16 each and every other such allegation.

17       12.    In answer to Paragraph 12 of the Complaint, CLARK admits that on or about
18 May 17, 2005, its subcontractor, Granite Construction Company, damaged the unmarked
19 underground communications duct referred to in the preceeding paragraph while excavating with a
20 backhoe.  Neither PAC BELL nor USA had advised, located, marked or warned CLARK of the
21 existence of this underground telecommunications duct in the area that Granite Construction
22 Company was excavating.  CLARK denies that its action or inactions, or the actions or inactions
23 of its subcontractor, were the cause of any damage to PAC BELL.  Except as admitted herein,
24 CLARK denies each and every other allegations in this paragraph, including that it damaged PAC
25 BELL in the amount of $4,411.10, or any other amount.
26 ///
27 ///
28 ///

**AFFIRMATIVE DEFENSES**

AS A FIRST SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, CLARK alleges that PAC BELL's Complaint fails to state a claim against CLARK upon which relief can be granted.

AS A SECOND SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, CLARK alleges that PAC BELL's damages, if any, result from the failure of PAC BELL and/or USA to warn CLARK of the existence and location of underground utilities within the areas that CLARK was performing work at Moffett Field.

AS A THIRD SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, CLARK alleges that the active and/or passive negligence of PAC BELL was the direct and proximate cause of the damages that PAC BELL alleges in the Complaint.

AS A FOURTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, CLARK alleges that the active and/or passive negligence of USA was the direct and proximate cause of the damages that PAC BELL alleges in the Complaint.

AS A FIFTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, CLARK alleges that PAC BELL's own negligence contributed to the damages allegedly suffered by PAC BELL, and any amount recovered by PAC BELL must be reduced accordingly.

AS A SIXTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, CLARK alleges that PAC BELL's claims are barred by the applicable statutes of limitations.

AS A SEVENTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, CLARK alleges that at all times alleged in the Complaint it was acting in accordance with the directions of and information provided by USA.

AS A EIGHTH SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE, CLARK alleges that PAC BELL failed to mitigate the damages it alleges in the Complaint.

**PRAYER**

WHEREFORE, defendants CLARK REALTY BUILDERS, INC. and CLARK REALTY BUILDERS, LP pray for relief as follows:

A. That plaintiff take nothing by way of the Complaint, and that judgment be entered in favor of these defendants.

B. That these defendants be awarded their costs of suit incurred in defense of this action; and

C. For such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to FRCP Rule 38 and Local Rule 3-6(a), defendant CLARK REALTY BUILDERS, INC. and defendant CLARK REALTY BUILDERS, LP, hereby demand a jury trial in this action.

Dated: April 15, 2008

THELEN REID BROWN RAYSMAN & STEINER LLP


By     /s/ Gregg N. Dulik
Gregg N. Dulik
Attorneys for Defendants
CLARK REALTY BUILDERS, INC. and
CLARK REALTY BUILDERS, LP