JOSEPH P. RUSSONIELLO (SBN 44332)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
ABRAHAM A. SIMMONS (SBN 146400)
Assistant United States Attorney

    450 Golden Gate Avenue, 9th Floor
    San Francisco, California 94102-3495
    Telephone:    (415) 436-7264
    Facsimile:    (415) 436-6748
    Email:    abraham.simmons@usdoj.gov

Attorneys for Federal Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| PACIFIC BELL TELEPHONE COMPANY )<br><br>            Plaintiff, )<br><br>       v. )<br><br>UNITED STATES OF AMERICA, CLARK )<br>REALTY BUILDERS, INC., a corporation, )<br>CLARK REALTY BUILDERS, LP, and )<br>DOES 1 through 10, )<br><br>          Defendants. )<br>_____ ) | Case No. C 08-1107 EDL<br><br>**DEFENDANT UNITED STATES'**<br>**ANSWER** |

    Defendant United States of America, without waiving the below listed Affirmative

Defenses, answers the Complaint as follows:

1.    Defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 1, and on that basis the allegations are denied.

2.    Defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 2, and on that basis the allegations are denied.

3.    Defendant is without knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 3, and on that basis the allegations are denied.

4.    Paragraph 4 contains a characterization of this lawsuit to which no response is required.

To the extent that an answer may be required to the jurisdictional allegations, they are denied.

5.    Admitted.

6.    Paragraph 6 concerns Doe defendants that are inappropriate in federal court, thus no answer is required.  To the extent that a response is deemed necessary, the allegations in this paragraph are denied.

7.    Paragraph 7 concerns Doe defendants that are inappropriate in federal court, thus no answer is required.To the extent that a response is deemed necessary, the allegations in this paragraph are denied.

### JURISDICTION

8.    Defendant admits that Plaintiff Pacific Bell submitted Standard Form 95, Claim for Damage, Injury, or Death, to the Presidio of Monterey Litigation and Claims Office on April 16, 2007 in the amount of $77,305.45.  Defendant admits that more than six months have passed since the claim was filed and that the Army has not taken final action on this claim.  Defendant admits NASA has denied the claim.  The remainder of paragraph 8 contains legal conclusions to which no answer is required.  To the extent that an answer may be required to the legal conclusions, they are denied.

### FIRST COUNT

9.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and on that basis the allegations are denied.

10.    Denied.

### SECOND COUNT

11.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and on that basis the allegations are denied.

12.    Denied.

### AFFIRMATIVE DEFENSES

Defendant separately and affirmatively avers as follows:

13.    The Complaint fails to state a claim upon which relief can be granted under 28 U.S.C. 1346, or otherwise.

14.    Defendant denies its employees committed any negligent or wrongful act or omission while acting within the scope of their employment, and denies proximately causing and/or

1    contributing to the damages complained of in the Complaint.

2    15.    In the event Defendant is found to be negligent, which negligence Defendant denies, the

3    negligence of the Plaintiff contributed to causing its damages, and any recovery must be

4    proportionately reduced.

5    16.    Defendant cannot be held liable under a theory of strict liability.

6    17.    Plaintiff's damages, if any, have been caused at least in part by Plaintiff's failure to

7    mitigate damages.

8    18.     Plaintiff knew or in the exercise of ordinary care should have known of the risks and

9    hazards involved in the undertaking in which it was engaged, and nevertheless, knowing these

10    things, did fully and voluntarily assume the risks and hazards involved in the undertaking.

11    19.    Plaintiff's recovery, if any, is limited to the amount claimed administratively, under the

12    Federal Tort Claims Act, 28 USC 2675(b).

13    20.    Any injuries or damage suffered by Plaintiff are the direct and proximate result of

14    negligence on the part of third parties and not of this Defendant.

15    21.     Plaintiff failed to exhaust administrative remedies under the Federal Tort Claims Act by

16    failing to file an administrative claim for an incident allegedly occurring on May 17, 2005

17    (Second Count).

18    22.    Plaintiff failed to exhaust administrative remedies under the Federal Tort Claims Act by

19    failing to provide adequate substantiation of its claim during administrative processing.

20    23.     Doe Defendants are improper under the Federal Tort Claims Act.

21    Wherefore, Defendant United States prays that Plaintiff take nothing in this action, that the

22    Complaint be dismissed with costs to Defendant, and that this Court grant such other and further

23    relief as it may deem appropriate.

24                                              Respectfully submitted,

25                                              JOSEPH P. RUSSONIELLO
                                                United States Attorney
26

27
     Dated:   May 3, 2008                       _____
28                                                        /s/
                                                ABRAHAM A. SIMMONS
                                                Assistant United States Attorney